UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>IYANA</small> N. H<small>AMPTON</small>,

    Plaintiff,

    v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>
A<small>DMINISTRATION</small>,

    Defendant.
_____/

Case No. 19-cv-13478

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
J<small>UDGE</small> G<small>ERSHWIN</small> A. D<small>RAIN</small>

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTION [#24]; ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#22]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#18]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#21]</u>**

**I. I<small>NTRODUCTION</small>**

This matter is before the Court on Plaintiff Aiyana N. Hampton's ("Plaintiff") and Defendant Commissioner of Social Security's ("Defendant") Cross-Motions for Summary Judgment. The Court referred this matter to Magistrate Judge Anthony P. Patti, who issued a Report and Recommendation on February 16, 2021, recommending that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 18), grant Defendant's Motion for Summary Judgment Motion (ECF No. 21), and affirm the Commissioner's decision. ECF No. 22. Plaintiff filed a timely

Objection to that Report and Recommendation.[1]  ECF No. 24.  Defendant filed its Response to this Objection on March 16, 2021.  ECF No. 25.

Presently before the Court is Plaintiff's Objection to Magistrate Judge Patti's Report and Recommendation.  Upon review of the parties' briefing, the Court finds that oral argument will not aid in the resolution of this matter.  Accordingly, the Court will resolve this matter on the briefs in accordance with E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court concludes that Magistrate Judge Patti reached the correct conclusion.  The Court will therefore **OVERRULE** Plaintiff's Objection [#24], **ACCEPT** and **ADOPT** the Report and Recommendation [#22], **DENY** Plaintiff's Motion for Summary Judgment [#18], and **GRANT** Defendant's Motion for Summary Judgment [#21].

## II. Background

Magistrate Judge Patti's Report and Recommendation sets forth the relevant background in this case.  The Court will adopt those findings here:

> Plaintiff alleges her disability began on September 1, 2015, at the age of 39.  She filed applications for Disability Insurance Benefits (DIB) and SSI on February 20, 2016.  In her disability report, she lists congenital heart disease, anxiety, and depression as limiting her ability to work.  Her applications were denied on June 22, 2016.
>
> Plaintiff requested a hearing by an Administrative Law Judge (ALJ).  On November 15, 2017, ALJ Patricia S. McKay held a hearing, at which Plaintiff and a vocational expert (VE), James Fuller, testified.

---

[1] The Court granted in part Plaintiff's Motion to Extend Time to File her Objection (ECF No. 23) in a text-only order on March 3, 2021.

> On April 20, 2018, ALJ McKay issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act.
>
> Plaintiff submitted a request for review of the hearing decision/order. However, on October 29, 2018, the Appeals Council denied Plaintiff's request for review. Thus, ALJ McKay's decision became the Commissioner's final decision.
>
> Plaintiff timely commenced the instant action on November 25, 2019.

ECF No. 22, PageID.700–01 (internal citations and footnote omitted).

Magistrate Judge Patti then went on to summarize the ALJ findings as follows:

> Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at Step 1 of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2015, the alleged onset date. At Step 2, the ALJ found that Plaintiff had the following severe impairments: Atrial Septal Defect (ASD) status/post repair, generalized anxiety disorder, and depression. At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Between Steps 3 and 4 of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and determined that Plaintiff had the RFC:
>
>> to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except she is limited to occasional crouching, crawling, kneeling, stooping/bending, but no climbing of stairs; must avoid workplace hazards such as dangerous, moving machinery and unprotected heights so the claimant is not able to climb ladders, ropes or scaffolds; is further limited to low stress work, which is work that is self-paced and not at a production rate and where the job duties are not interdependent with those of co-workers; and, she is limited to simple, routine and repetitive work.

3

>At Step 4, the ALJ determined that Plaintiff was unable to perform any past relevant work. At Step 5, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as sorter, inspector, and assembler. The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since September 1, 2015.

*Id.* at PageID.701–02 (internal citations omitted) (emphasis omitted).

## II. LEGAL STANDARD

"The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g)." *Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 WL 1658305, at *1 (E.D. Mich. Mar. 30, 2016). "The district court's review is restricted solely to determining whether the 'Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Id.* (quoting *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ." *Id.* "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *Id.* (quoting *Cutlip v. Sec'y of Health*

4

*and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Id.* (quoting *Cutlip*, 25 F.3d at 286).

### III. DISCUSSION

Plaintiff raises three objections to Magistrate Judge Patti's Report and Recommendation. First, Plaintiff asserts that Magistrate Judge Patti erred in finding that the ALJ provided good reasons for discounting Dr. Quadir Jaleel's opinion. Second, Plaintiff contends that Magistrate Judge Patti erred when he determined that the ALJ was right to afford Dr. Nicholas Morcos' and Mr. Jared Konecny's opinions "limited weight." Third, Plaintiff disputes Magistrate Judge Patti's conclusion that there was no error in the ALJ's assessment of Dr. L. Imasa's consultative examination. The Court will address each of these objections below.

### A. Magistrate Judge Patti Did Not Err in Finding That the ALJ Provided Good Reasons for Discounting Dr. Quadir Jaleel's Opinion

In her first objection, Plaintiff disputes Magistrate Judge Patti's conclusions as to Dr. Jaleel's opinion. For the reasons discussed below, the Court disagrees.

First, the Court denotes that Magistrate Judge Patti did not characterize the inconsistency in Dr. Jaleel's opinion as "minor." Rather, Magistrate Judge Patti explained that "even if the Court considers the inconsistency within Dr. Jaleel's opinion to be minor, it should find the ALJ's decision to discount the opinion on that

5

basis reasonable." ECF No. 22, PageID.711. Moreover, the Court agrees with Magistrate Judge Patti's assertion that an opinion's internal inconsistency is a valid consideration when weighing opinion evidence. *Id.* Indeed, as another court in this District has explained, an ALJ is not bound to accept the opinion of a treating physician if that opinion is "internally inconsistent or inconsistent with other credible evidence of record." *Wallace v. Comm'r of Soc. Sec.*, 367 F. Supp. 2d 1123, 1134 (E.D. Mich. 2005); *see also Vorholt v. Comm'r of Soc. Sec.*, 409 F. App'x 883, 889 (6th Cir. 2011) (determining that a medical opinion's internal inconsistency provides an independent reason for an ALJ to grant it little weight).

Second, the Court agrees with Defendant that Plaintiff's objection is based on a misreading of Dr. Jaleel's opinion. ECF No. 25, PageID.736. Plaintiff argues that "even if [she] could sit three and not two hours per day, neither limitation correlates to the ability to do sedentary work as required by 20 C.F.R. § 404.1567(a) and SSR 96-9p." ECF No. 24, PageID.728–29. Dr. Jaleel opined, however, that Plaintiff could both (1) sit for three hours at a time, and (2) only sit for two hours in an eight-hour day. ECF No. 12-7, PageID.457. The first work restriction, to sit for three hours at a time, is not limited to only sitting for three hours in a day. An individual with such a restriction could still perform the six hours of sitting as required by sedentary work. SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).

6

Third, the Court does not find that Magistrate Judge Patti erred in finding the check-box form used by Dr. Jaleel, ECF No. 12-7, PageID.457, was "weak evidence at best," ECF No. 24, PageID.729.  In his Report and Recommendation, Magistrate Judge Patti denoted how the Sixth Circuit has recognized that such a form is considered "weak evidence at best" when it is unaccompanied by an explanation. ECF No. 22, PageID.712 (citing *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474–75 (6th Cir. 2016)).  Upon review of Dr. Jaleel's opinion, the Court finds that Dr. Jaleel did not include various "clinical test results, observations, or other objective findings" to support his conclusions, which the Sixth Circuit has recognized as important evidence to substantiate an otherwise standard "check-off form." *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566–67 (6th Cir. 2016) (citations omitted).  Rather, the opinion includes Plaintiff's subjective observations, including daily chest pain, shortness of breath, anxiety, and depression. ECF No. 12-7, PageID.456.  Magistrate Judge Patti thus did not err in citing to Sixth Circuit precedent for the proposition that a check-box opinion, unaccompanied by an explanation, is "weak evidence at best."  ECF No. 22, PageID.712.

Fourth, the Court agrees with Defendant that Plaintiff impermissibly challenges the ALJ's decision, rather than Magistrate Judge Patti's Report and Recommendation, when she argues that the ALJ does not specify which treatment notes are inconsistent with Dr. Jaleel's opinion. ECF No. 24, PageID.729.  *See*

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (emphasizing that objections must address specific concerns with the magistrate judge's report and recommendation). While Plaintiff begins this portion of her first objection by asserting that "contrary to the Magistrate Judge's finding, the opinion was not inconsistent with treatment notes," she shifts her argument to the ALJ's alleged lack of specification as to which notes are inconsistent. *Id.* Without any further argument as to Magistrate Judge Patti's' Report and Recommendation or citations to the record, the Court declines to address this portion of Plaintiff's first objection any further.

  Fifth, the Court finds that Plaintiff's argument related to Magistrate Judge Patti's conclusion that Dr. Jaleel made no connection between the notations and the limitations he included in the Medical Source Statement fails. ECF No. 24, PageID.730. She contends that the Medical Source Statement "specifically noted symptoms and limitations that have support in the records[.]" *Id.* As Magistrate Judge Patti indicated in his Report and Recommendation, Plaintiff did not argue in her Motion for Summary Judgment that a connection existed between Dr. Jaleel's notations and the limitations included in the Medical Source Statement. ECF No. 22, PageID.713. Rather, Plaintiff objected to the ALJ's finding that (1) Dr. Jaleel's "treatment notes failed to show any exams or objective findings, but rather document the claimant's subjective complaints and orders," and (2) Dr. Jaleel "never indicated

8

any limitations or restrictions in his treatment notes." ECF No. 18, PageID.664–65. Accordingly, the Court does not need to consider this part of Plaintiff's objection at this juncture. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490–91 (6th Cir. 2006). Even if Plaintiff raised this argument in her initial brief, the Court finds, upon further review of Dr. Jaleel's treatment notes, especially his notations of Plaintiff's general health information, ECF No. 12-7, PageID.338–39, that Magistrate Judge Patti correctly determined that there is a lacking connection between these notations and the limitations listed in Dr. Jaleel's Medical Source Statement.

Sixth, the Court finds that Plaintiff's argument related to the Supreme Court's decision in *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), *see* ECF No. 24, PageID.730, must also fail. Plaintiff contends that the ALJ did not consider how Dr. Jaleel's treatment notes contain references to being off work and that Magistrate Judge Patti's finding that this was "repetition or boilerplate" was impermissible *post hoc* rationalization pursuant to *Chenery I*. *Id.* Importantly, however, Plaintiff is objecting to Magistrate Judge Patti's conclusion, rather than any argument advanced by the Agency. In *Chenery I*, the Court was focused on the grounds upon which an *agency* acts in exercising its powers. 318 U.S. at 95 (emphasis added). Specifically, the Court concluded that a reviewing court may only uphold an administrative action on a rationale advanced by the agency in the administrative proceeding. *Id.* At this

9

juncture, Plaintiff fails to demonstrate how Magistrate Judge Patti's analysis of Dr. Jaleel's opinion, ECF No. 22, PageID.710–13, conflicts with *Chenery I*.

Lastly, the Court agrees with Defendant that Plaintiff fails to explain how proper consideration of the regulatory factors set forth in 20 C.F.R. § 404.1527(c) would have changed the ALJ's consideration. Plaintiff merely asserts that there "was further cause to afford Dr. Jaleel's opinion greater weight … had that factor been properly addressed." ECF No. 24, PageID.731. She fails to cite any authority, controlling or otherwise, to challenge Magistrate Judge Patti's assertion that there is no *per se* rule requiring an exhaustive factor-by-factor analysis. *See* ECF No. 22, PageID.713 n.5 (citing *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804–05 (6th Cir. 2011)). The Court finds that Plaintiff's assertion, without more, is insufficient for this Court to find that Magistrate Judge Patti committed an error in finding the ALJ provided good reasons for affording Dr. Jaleel's opinion "little to no weight."

Accordingly, the Court will overrule Plaintiff's Objection #1.

### B. Magistrate Judge Patti Did Not Err in Determining That There Was No Error in the ALJ's Assessment of the Medical Source Statement Completed by Dr. Nicholas Morcos and Mr. Jared Konecny

Plaintiff's second objection claims that Magistrate Judge Patti erred in determining that the ALJ was right to afford limited weight to the opinions of Dr. Morcos and Mr. Konecny. ECF No. 24, PageID.731. The Court disagrees.

10

Plaintiff first cites to another court in this District for the proposition that moderate limitations can demonstrate that a claimant's ability to work is eroded. *Id.* (citing *Anthony v. Comm'r of Soc. Sec.*, No. 18-11717, 2019 WL 3941258, at *5 (E.D. Mich. June 18, 2019), report and recommendation adopted, 18-11717, 2019 WL 3296996 (E.D. Mich. July 23, 2019)). She also defines "moderate" pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(b), (c). *Id.* Importantly, Plaintiff assertion that "even with a moderate limitation, the prospect of working can be eroded" fails to identify a specific error made by either Magistrate Judge Patti or the ALJ. This Court only reviews specific objections to a magistrate judge's report. *See Davis v. Comm'r of Soc. Sec.*, No. 16-13495, 2018 WL 1150243, at *3 (E.D. Mich. Mar. 5, 2018) (citations omitted).

Even if Plaintiff identified a specific error in her objection, however, the Court still finds that Magistrate Judge Patti did not err in concluding that the ALJ reached the correct conclusion in affording the Medical Source Statement "limited weight." *See* ECF No. 22, PageID.716–18. The Court agrees with Magistrate Judge Patti that the ALJ followed the proper framework for evaluating opinion evidence, as the ALJ noted the treatment relationship between Plaintiff and Dr. Morcos and Mr. Konecny, as well as the inconsistencies within the Medical Source Statement and the discrepancies with the record as a whole. *Id.* at PageID.716 (citations omitted). Indeed, the ALJ explained the discrepancy between their opinions of Plaintiff being

off task 20% of the workday and their written statements that her symptoms were treatable if she engaged in appropriate care. ECF No. 12-2, PageID.70. The Court denotes that where a treating physician's opinion is "inconsistent with the other medical evidence in the record, [courts] generally will uphold an ALJ's decision to discount that opinion." *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 175–76 (6th Cir. 2009) (citations omitted).

Plaintiff next asserts that "the ALJ failed to undertake the analysis to determine how long Dr. Morcos and Jared Konecny's limitations had lasted and whether, based on their treatment notes, symptoms had been treated and she had received the appropriate care needed." ECF No. 24, PageID.731–32. The ALJ denoted that Dr. Morcos and Mr. Konecny indicated that Plaintiff's "symptoms are treatable and … would not be expected to cause longstanding disability if she engaged in appropriate care." ECF No. 12-2, PageID.70 (internal quotation marks omitted). Plaintiff emphasizes in her present objection that this portion of the Medical Source Statement indicates "that in the *future* such symptoms could be treated with appropriate care." ECF No. 24, PageID.732. She thus argues that "it is unclear how this is an inconsistency[.]" *Id.*

In its Response, Defendant emphasizes that Plaintiff's assertion was not raised in her initial brief. ECF No. 25, PageID.742. Upon review of Plaintiff's Motion for Summary Judgment (ECF No. 18), the Court agrees that Plaintiff failed to raise this

12

issue below.  In her Motion for Summary Judgment, Plaintiff pointed to the note that her symptoms could be treated with appropriate care in the future before arguing that the ALJ "cherry picked" parts of the Medical Source Statement to affirm her own opinion and conclusion.  ECF No. 18, PageID.668–69.  Plaintiff did not argue that the ALJ "failed to undertake the analysis to determine how long Dr. Morcos and Jared Konecny's limitations had lasted[.]"  ECF No. 24, PageID.731–32.  The Court thus declines to address Plaintiff's expanded argument at this juncture.  Indeed, the Sixth Circuit has made clear that in objections to a report and recommendation, a party cannot raise new arguments or expand previously made arguments.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Anger v. Gingell*, No. 12-cv-14980, 2014 WL 988989, at *3 (E.D. Mich. Mar. 13, 2014) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).  Additionally, the Court agrees with Defendant that it is Plaintiff's obligation, not the Commissioner's, to show how long her limitations might last and whether her symptoms are resolved with treatment.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") (citations omitted); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity.").

Accordingly, the Court will also overrule Plaintiff's Objection #2.

### C. Magistrate Judge Patti Did Not Err in Concluding That There Was No Error in the ALJ's Assessment of the Consultative Examination

In her third objection, Plaintiff asserts that Magistrate Judge Patti erred in determining that the ALJ properly afforded little weight to Dr. Imasa's consultative examination ("CE"). ECF No. 24, PageID.732. Plaintiff first takes issue with the ALJ's finding that Dr. Imasa's opinion was inconsistent with the record. ECF No. 24, PageID.732. Plaintiff then argues that Magistrate Judge Patti erred when he determined that the ALJ properly afforded the CE little weight based on the fact that it was a one-time evaluation. *Id.* at PageID.732–33. Lastly, Plaintiff argues that the ALJ's rationale for reducing the CE is flawed given that Dr. Imasa is one of the Agency's consulting physicians. *Id.* At PageID.733. For the reasons set forth below, the Court disagrees with each of Plaintiff's arguments.

The Court first denotes that Plaintiff's first argument related to the ALJ's determination that Dr. Imasa's opinion was inconsistent with other treatment notes, *id.* at PageID.732, was not raised in her Motion for Summary Judgment, ECF No. 18, PageID.670–71. Plaintiff instead focused her argument on the ALJ's rationale related to Dr. Imasa's limited relationship to Plaintiff. *Id.* at PageID.670. She also argued that "the ALJ decided to formulate her own opinion regarding [her] residual functional capacities. The ALJ is not a physician, and should not have formulated her own medical opinion, for which she lacked substantial evidence." *Id.* In its

14

Motion for Summary Judgment, Defendant emphasized how Plaintiff ignored the ALJ's other basis for giving Dr. Imasa's opinion no weight: that it was not consistent with other treatment notes. *See* ECF No. 21, PageID.694. Magistrate Judge Patti also recognized this lack of argument in his Report and Recommendation. ECF No. 22, PageID.719. The Court thus declines to address this new argument at this juncture. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Anger v. Gingell*, No. 12-cv-14980, 2014 WL 988989, at *3 (E.D. Mich. Mar. 13, 2014) (citation omitted). As indicated in the preceding section, a party cannot raise new arguments or expand previously made arguments. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Anger v. Gingell*, No. 12-cv-14980, 2014 WL 988989, at *3 (E.D. Mich. Mar. 13, 2014) (citation omitted).

     Plaintiff next argues that Magistrate Judge Patti incorrectly upheld the ALJ's decision to afford the consultative examination little weight based on the fact that Dr. Imasa only observed Plaintiff one time. ECF No. 24, PageID.732–33. She argues that Magistrate Judge Patti's finding "is an incorrect interpretation of the law and regulations." *Id.* In the Report and Recommendation, Magistrate Judge Patti emphasized that "it was clear that the ALJ did not hinge her opinion solely on the very limited relationship between doctor and patient; and in any case, lack of a consistent treatment relationship is a legitimate basis for affording a medical opinion little weight[.]" ECF No. 22, PageID.719.

15

Upon review of the ALJ's assessment of Dr. Imasa's opinion, ECF No. 12-2, PageID.70, it is clear that the ALJ's determination was not exclusively premised on the fact that Dr. Imasa provided a onetime examination.  In addition to denoting the limited relationship, the ALJ also asserted that Dr. Imasa's opinion was not "consistent with other treatment notes that failed to show any work related limitations or restrictions."  *Id.*  The Court denotes that the regulations require an ALJ to consider the frequency of an examination.  20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i).[2]  Moreover, the Court agrees with Magistrate Judge Patti that a limited treatment relationship is a legitimate basis for affording a medical opinion little weight.  *See* ECF No. 22, PageID.710 (citing *Wilson*, 378 F.3d 541, 544 (6th Cir. 2004)); *see also Oliver v. Comm'r of Soc. Sec.*, 415 F. App'x 681, 684 (6th Cir. 2011).

Lastly, the Court disagrees with Plaintiff's assertion that "the ALJ's rationale for reducing [Dr. Imasa's] assessment, one purchased by the Agency, 20 C.F.R. § 404.1519(a), is flawed."  ECF No. 24, PageID.733.  Plaintiff cites to a Seventh

---

[2] The Court takes notice of Plaintiff's argument that Magistrate Judge Patti's finding—that the ALJ properly afforded Dr. Imasa's opinion little weight since she provided a onetime evaluation—"is an incorrect interpretation of the law and regulations."  ECF No. 24, PageID.732–33.  As Defendant correctly denotes, however, Plaintiff did not present this argument in her Motion for Summary Judgment.  *See* ECF No. 18, PageID.670–71.  As indicated above, a party cannot raise new arguments or expand previously made arguments.  *McClanahan*, 474 F.3d at 837; *Anger*, No. 12-cv-14980, 2014 WL 988989, at *3 (citation omitted).  The Court thus declines to further address this argument.

16

Circuit decision, *Beardsley v. Colvin*, 758 F.3d 834 (7th Cir. 2014), for the proposition that the Agency should provide a "good explanation" when rejecting or discounting its own examining physician. *Id.* As Magistrate Jude Patti explained in the Report and Recommendation, ECF No. 22, PageID.178, the Sixth Circuit has determined that a consultative examiner's opinion, like Dr. Imasa's opinion, does not receive special deference like that of a treating physician, *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

Accordingly, the Court will also overrule Plaintiff's Objection #3.

### IV. CONCLUSION & ORDER

For the reasons stated herein, the Court **OVERRULES** Plaintiff's Objection [#24] to Magistrate Judge Patti's February 16, 2021 Report and Recommendation [#22]. Upon review of the Report and Recommendation, the Court concludes that Magistrate Judge Patti reached the correct decision.

The Court hereby **ACCEPTS and ADOPTS** the Report and Recommendation [#22] as this Court's findings of fact and conclusions of law. Plaintiff's Motion for Summary Judgment [#18] is **DENIED**. Defendant's Motion for Summary Judgment [#21] is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 24, 2021

/s/Gershwin A. Drain  
GERSHWIN A. DRAIN  
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 24, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager